# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| BRAD LYNN, | : | |
| Plaintiffs, | : | |
| vs. | : | CA 07-0173-KD-C |
| ROMAR MARINA CLUB, LLC, et al., | : | |
| | : | |
| Defendants. | | |

## ORDER

Defendant H. Ray Hix has requested that the undersigned reconsider a portion of the March 10, 2009 scheduling order declining to enforce non-party subpoenas issued by the parties to this action (Doc. 166; *compare id. with* Doc. 158) The motion to reconsider is **DENIED** pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(a).

The request for reconsideration is based upon the following:

      1.    The non-party subpoenas that Defendant Hix seeks to have enforced address numerous matters first discovered in the deposition of the Plaintiff, Bradley A. Lynn.

      2.    Furthermore, even though Defendant Hix may have known of the existence of some non-party witnesses, Defendant Hix did not learn the extent to which these witnesses possessed any relevant materials until after the deposition of the

plaintiff Bradley A. Lynn. For example, Defendant Hix knew that plaintiff's father, Ronald E. Lynn, was a potential witness in this action. However, it was not until the deposition of the plaintiff, that Defendant Hix learned that Ronald E. Lynn maintains possession of all records and documents from plaintiff's former business, The Mortgage Group, LLC.

3. Defendant Hix diligently sought Plaintiff's deposition for nearly two years. [] Most recently, Hix requested to take Plaintiff's deposition in June 2008, and at Plaintiff's request ultimately scheduled the deposition for August 6, 2008. Defendant Hix agreed to postpone this deposition based on reasonable circumstances, and submits that he should not be deprived of the enforcement power of the Court as a result of making reasonable agreements to postpone the deposition.

4. The Scheduling Order entered by this Court on May 15, 2008 [] did not address the issuance of third-party subpoenas. It neither required that third-party subpoenas be issued during the discovery period covered by that Order nor suggested any consequences for failure to issue subpoenas. During the hearing preceding that Order, the Court told the parties to issue third party subpoenas during the second discovery phase. However, the absence of any reference to those subpoenas in the Order made the situation ambiguous and counsel for Defendant Hix relied upon the Order rather than memory of or notes taken during the hearing. Furthermore, Defendant Hix could not have issued third party subpoenas in their present form until after the deposition of the plaintiff near the end of the second discovery phase.

5. The amount of discovery time permitted in the scheduling order allows for plenty of time for the issuance of non-party subpoenas before trial. Even if the Court is forced to intervene and rule upon objections to any of the issued subpoenas, the time is such that the trial date of this matter will not be compromised.

2

6.     Plaintiff will suffer no prejudice from the Court's hearing each objection to third party subpoenas and ruling upon each objection on substantive grounds.

7.     There is potential for Plaintiff in this case to interfere with the effectiveness of non-party subpoenas simply by suggesting to those subpoenaed to object.

WHEREFORE, the premises considered, Defendant Hix respectfully requests that the Court reconsider its Second and Final Supplemental Rule 16(b) Scheduling Order [] refusing to enforce non-party subpoenas issued by the parties to this action.

(Doc. 166, at 1-3 (internal citations omitted)) The undersigned has set forth the entirety of Hix' motion to reconsider because nowhere in the motion does the movant set forth the proper legal framework for requesting reconsideration or how his motion falls within that framework.

The Magistrate Judge notes that motions to reconsider generally fall within the purview of Rule 60(b) of the Federal Rules of Civil Procedure, *see Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers*, 916 F.Supp. 1557, 1560 (N.D. Ga. 1995) ("[T]he term 'motion for reconsideration', as such, does not appear in the Federal Rules of Civil Procedure. The title of Fed.R.Civ.P. 60(b), under which a so-called motion for reconsideration may be brought, further attests to its extraordinary nature . . . . '[Rule 60(b)] is "properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue

3

hardship" . . . .'"), *judgment aff'd*, 87 F.3d 1242 (11th Cir. 1996), as well as

Fed.R.Civ.P. 59(e), *see Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp.

522, 524 (E.D. Pa. 1992) ("A motion for reconsideration of a final judgment

will generally be construed as a motion under Federal Rule of Civil Procedure

59(e) to alter or amend the judgment if the motion does not cite a specific

federal rule.").[1]

   In the interests of finality and conservation of scarce resources,

reconsideration of an order is an extraordinary remedy which is to be

employed sparingly. *United States v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D.

Fla. 2003), *aff'd*, 419 F.3d 1208 (11th Cir. 2005); *Pennsylvania Ins. Guar.

Ass'n, supra*, 812 F.Supp. at 524; *see also Spellman v. Haley*, 2004 WL

866837, *2 (M.D. Ala. 2002) ("[L]itigants should not use motions to

reconsider as a knee-jerk reaction to an adverse ruling.").[2]   Nonetheless,

---

[1]   The standard for reconsideration under both rules is the same. *Compare Johnston v. Cigna Corp.*, 789 F.Supp. 1098, 1101 (D. Colo. 1992) ("A Fed.R.Civ.P. 59(e) motion to alter or amend judgment may properly be cast in the form of a motion to reconsider. . . . There are three major grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."), *aff'd*, 14 F.3d 486 (10th Cir. 1993), *cert. denied*, 514 U.S. 1082, 115 S.Ct. 1792, 131 L.Ed.2d 720 (1995), *with PEACH, supra*, 916 F.Supp. at 1560 ("[T]he [Rule 60(b)] motion [for reconsideration] should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in controlling law, or the need to correct a clear error or prevent a manifest injustice.").

[2]   "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

reconsideration is proper when newly discovered evidence is brought to the court's attention or clear error has been shown. *See* Fed.R.Civ.P. 60(b)(2); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Ad Magic v. Advertising Magic, Inc.,* 2008 WL 2845066, *1 (D. N.J. 2008) ("A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law."); *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). In considering the Clines' request, however, the Court bears in mind that such motions are not a platform to relitigate arguments previously considered and rejected. *See Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments). Moreover, motions to

reconsider may not be used to set forth new theories of law that could have been raised previously. *See Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Finally, "'a motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court "could have done it better" the first time.'" *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F.Supp. 665, 674 (N.D. Ga. 1997), quoting *PEACH*, *supra*, 916 F.Supp. at 1560.

Defendant Hix' failure to set forth a basis for the undersigned's reconsideration of the March 10, 2009 scheduling order within the legal framework set forth above, alone, requires that the reconsideration motion be **DENIED**. In addition, the Court notes that Hix has not set forth any newly discovered evidence which warrants a reconsideration of the March 10, 2009 order nor has the movant set forth an intervening change of controlling law or a manifest error of law made by the undersigned warranting reconsideration. Finally, Hix has not shown through the present motion that this Court made a clear error of fact that it need correct to prevent manifest injustice.[3] In this

---

[3] Hix also argues that the non-party subpoenas now sought to be enforced address matters first discovered during the deposition of plaintiff and, therefore, could not have been presented in their present form until the end of the second discovery phase after plaintiff's deposition. (Doc. 166, ¶¶ 2 & 4) The manner in which this argument is presented, however, answers it. The subpoenas could have been issued during the second discovery phase, plaintiff's deposition taking place on August 6, 2008 and the second discovery phase ending, by requested

regard, there was no error of fact; Hix simply argues that there was ambiguity created regarding the serving of third-party subpoenas because although the parties were instructed to serve third-party subpoenas during the conference on May 14, 2008, the supplemental Rule 16(b) scheduling order entered on the docket on May 15, 2008, failed to contain such instruction. The undersigned declines to find that such argument requires reconsideration of that portion of the March 10, 2009 scheduling order declining to enforce third-party subpoenas issued by the parties to this action in light of defendant HSK Properties' service of third-party subpoenas during the second discovery period.

In light of the foregoing, plaintiff's motion for reconsideration (Doc.

---

and granted extension, on August 22, 2008; therefore, there is no need to reconsider the refusal to enforce third-party subpoenas on this basis.

Finally, lack of prejudice to another party is not relevant for purposes of reconsideration nor is any potential for interference.

7

166) is **DENIED**.[4]

      **DONE** and **ORDERED** this the 1st day of April, 2009.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

[4]     In consideration of the disposition of the motion for reconsideration, plaintiff's request for an additional five business days to respond to the motion (Doc. 167) is **DENIED** as **MOOT**.