**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

BRAD LYNN,                          :

    Plaintiffs,                      :

vs.                                 :        CA 07-0173-KD-C

ROMAR MARINA CLUB,                  :
LLC, et al.,

                                    :

    Defendants.

**ORDER**

This cause is before the Court on defendant H. Ray Hix, Jr.'s motion to compel Mr. and Mrs. Ronald Lynn to appear at deposition (Doc. 203), plaintiff's partial objection to Hix' motion to compel (Doc. 204), and defendant Hix' reply to plaintiff's partial objection (Doc. 205). While the Court, within the context of this order, will provide the deponents' counsel and plaintiff's counsel with an opportunity/additional opportunity to respond to the motion to compel, there is also presented the necessity to clarify the second and final supplemental Rule 16(b) scheduling order dated March 10, 2009 (Doc. 158).

The following subparagraphs of the supplemental scheduling order are

at the core of the dispute presented by the instant motion to compel:

> [] During this third and final period of discovery, defendants may take a total of **nine (9)** depositions; three by Specchio and RMC; three by Hix; and three by HSK. In addition, if he so desires, plaintiff may take three additional depositions. These depositions are limited in duration to six hours, unless an extension is expressly authorized by the parties. Participation by plaintiff's counsel may be accomplished by telephone.
>
> [] While the undersigned will not specifically authorize third-party subpoenas in this case neither will he prohibit the defendants from serving third-party subpoenas. However, this Court **WILL NOT ENFORCE** any third-party subpoenas should the served parties decline to respond to same.

(Doc. 158, ¶ 10. f. & g. (emphasis in original))

Based upon plaintiff's limited response (Doc. 204), the moving defendant's motion to compel is **MOOT** to the extent he seeks an order from this Court compelling Mr. & Mrs. Ronald Lynn to sit for their depositions in this case. The deponents recognize that they need appear for their depositions and give sworn testimony. (Doc. 204)

The crux of the dispute, which necessitates clarification of the March 10, 2009 order (Doc. 158), relates to the documents that must be produced by the Lynns during their depositions. It is the deponents' position that because the subpoenas duces tecum attached to their deposition notices constitute requests for documents from third parties they constitute third-party subpoenas

which this Court has previously indicated it will not enforce (*see* Doc. 204; *compare id. with* Doc. 158, at ¶ 10.g.).

While there can be no doubt that the Court stated in the second and final supplemental Rule 16(b) scheduling order that it would not enforce third-party subpoenas, the subparagraph dealing with third-party subpoenas was placed in the order separate from the subparagraph dealing with depositions and was not intended to limit a party's ability to subpoena documents from a third-party deponent. When the supplemental scheduling order is read together with the discovery order entered concurrently therewith (Doc. 157), it is clear that the third-party subpoena practice this Court was intending to limit was that related to those third parties who the parties had no interest in deposing but from whom they did have an interest in garnering documents. *See* Fed.R.Civ.P. 45(c)(2)(A) ("A person commanded to produce documents, electronically stored information, or tangible things . . . need not appear in person at the place of production or inspection[.]"). It is from these primarily corporate individuals that the undersigned felt the parties could easily have subpoenaed documents during the second discovery period. The undersigned had no intent to limit a party's ability to issue a subpoena for documents directed to a deponent, as contemplated in Federal Rules of Civil Procedure 30(b) and 45(a) & (c).

*Compare* Fed.R.Civ.P. 30(b)(1) & (2) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. . . . If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment.") *with* Fed.R.Civ.P. 45(a)(1)(B)-(D) & (c)(2)(A) ("A subpoena commanding attendance at a deposition must state the method for recording the testimony. . . . A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. . . . A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials. . . . A person commanded to produce documents, electronically stored information, or tangible things . . . need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial."). This is why the undersigned separated the deposition subparagraph from the third-party subpoena subparagraph in the second and final

supplemental Rule 16(b) scheduling order (Doc. 158).

Based upon the foregoing, the undersigned now makes explicit what was clearly implicit in the March 10, 2009 orders and that is that Subparagraph 10.g. of the second and final supplemental Rule 16(b) scheduling order was not intended, by the undersigned, to limit a party's ability to subpoena documents from a third-party deponent. Therefore, it was proper for defendant Hix to attach subpoenas duces tecum to his deposition notices issued to Mr. and Mrs. Ronald Lynn.

Having made the foregoing finding, however, does not mean that the deponents and plaintiff are without recourse under the rules of civil procedure. *See, e.g.,* Fed.R.Civ.P. 45(c)(1) & (3). Accordingly, counsel for the deponents[1] and counsel for the plaintiff are to file their responses to the motion to compel, if they are unable to work out any remaining disputes with the moving party, on or before **May 28, 2009**. Briefing on this matter will then be **CLOSED**.

**DONE** and **ORDERED** this the 21st day of May, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Counsel for defendant Hix is **ORDERED** to serve a copy of this order on counsel for the deponents, Kelly A. McGriff, Esquire.