# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRAD LYNN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-0173-KD-C |
| H. RAY HIX, JR.., *et al.*, ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on Defendants Romar Marina Club (RMC) and Specchio's motion for summary judgment on count six (Breach of Fiduciary Duty) (Docs. 250-252). In the Court's previous order on summary judgment (Doc. 294), the Court withheld a decision on the motion for summary judgment as to count six pending additional argument at the pre-trial conference.

The Court adopts the prior findings of fact and conclusions of law from the December 1, 2009 order (Doc. 294) and also finds as follows:

Lynn claims that Specchio and RMC are responsible for Hix' alleged breach of fiduciary duty as Lynn's attorney because Hix was also acting as an agent for Specchio/RMC when he breached his duty to Lynn. In other words, Lynn claims that Hix was acting in as a dual agent.

At the pre-trial conference the court questioned whether the breach of fiduciary duty was viable against Specchio/RMC based on the fact that even if Hix was proven to be an agent of Specchio/RMC that the law of dual agency would appear to prohibit Lynn from recovering from Specchio/RMC. See 3 AM. JR. 2D AGENCY § 283. Upon further research it is clear to the Court that the cases discussing the prohibition against a principal recovering from another principal for torts of a mutual agent, are limited to when the dual agency was by consent of each principal. Id. at

notes 1 and 2.

However, that does not end the inquiry. Under Alabama law in order to act as an agent for two parties in a transaction where the parties have diverse interest, each party must consent. See, e.g., Brasher v. First Nat. Bank, 168 So. 42, 49 (Ala. 1936) (noting that it is familiar law that an agent may represent two antagonistic interests or principals, but in such situation he must disclose fully to both his relation); Builders' Supply Co. v. Smith, 722-723 (Ala. 1931) (concluding that without express authority, an agent cannot in the same transaction act as the agent of a principal and the agent of another whose interest is adverse to principal). In this case it is clear that Lynn did not consent to a dual agency. Accordingly, Hix could not legally act as an agent for Specchio/RMC once Specchio's interests became antagonistic to Lynn's interest.

The law recognizes that despite the prohibition against dual agency without consent, there will be rogue agents. A betrayed principal is not without some legal remedies. For instance, Alabama law allows the either principal to void a transaction when an agent violates the mutual consent requirement. See, e.g., Bay Shore Properties, Inc. v. Drew Corp., 565 So.2d 32, 34 (Ala. 1990) (holding that if an agent represents two principals without fully disclosing that dual representation to both of the principals, the resulting transaction is usually voidable by either of the principals). However, the undersigned has not located any Alabama law regarding the issue of whether one principal can be affirmatively liable to another principal when the dual agent violates the mutual consent requirement. However, a treatise relied upon and described as an "excellent work on agency" by the Alabama Supreme Court, provides a convincing answer. In Mechem's Treatise on the Law of Agency, it is explained:

> A third person, however, who deals with an agent, is not liable to the principal for a fraud perpetrated by the agent upon his principal in that transaction unless such

> third person was a party to the fraud;[] nor does the neglect or want of skill of the agent in the transaction, by which the principal suffers loss or injury, entitle the principal to relief against the other party who has been guilty of no wrong upon his part.[]  If the principal does not obtain as good a bargain, or derive as much benefit from the transaction, as though a more **faithful**, skillful, or experienced agent had been employed, he cannot complain of the other party if the latter has taken no undue advantage of the agent.

2 F.MECHEM, LAW OF AGENCY § 2136 (2d ed.1914) (footnotes omitted and emphasis added). Accordingly, when an agent becomes a rogue double agent, the law will hold a third party liable only if the third party was complicit in the agent's breach of duty; the third party must knowingly participate in the negligence or fraud of the agent. (Id. at §§ 2136-2137).

Applying this principle to the facts of this case, in order for Lynn to prevail against Specchio/RMC he must prove not only that Hix was an agent for Specchio/RMC, but also that Specchio/RMC was aware that Hix was an agent/attorney for Lynn in the transaction at issue. Without the knowledge of Hix' alleged duty to Lynn, Specchio/RMC could not have knowingly participated in Hix' alleged negligence and/or breach of duty.

At this point neither party has addressed the facts related to this additional element.[1] Accordingly, Specchio/RMC's motion for summary judgment is **DENIED** as to Count Six.

**DONE** and **ORDERED** this the **4th** day of **February 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] No additional briefing on this issue will be considered prior to the close of the plaintiff's case at trial.